Ruth Whitney, by Arthur A. Whitney, Appellee, v. Frank N. Derby and William M. Derby, Jr., Appellants.

Gen. No. 21,358.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed January 3, 1916.

## Statement of the Case.

Action by Ruth Whitney, by Arthur A. Whitney, her father and next friend, plaintiff, against Frank N. Derby and William M. Derby, Jr., defendants, for injuries received by the fall of a stone railing. There was a verdict for plaintiff for $1,250, which, on the suggestion of the trial court, was remitted to $650. From this judgment, defendants appeal.

The evidence showed that plaintiff was injured by a stone railing falling on her as she was playing on the front steps of a building where she lived, which building was owned by the defendants. In her declaration she alleged that this stone railing was suffered by the defendants "to be loose, so that it was likely to fall over," and that "while plaintiff was about to enter said premises, in passing upon and along said steps in dangerous proximity of said stone slab or railing, without any fault or negligence on her part, by reason of the carelessness and negligence of the defendants, and each of them, aforesaid, the said stone slab or railing fell or toppled against and upon the said plaintiff." There was evidence that plaintiff "rocked" the stone back and forth, though warned of the danger at the time, and finally pulled it over on her.

WARREN PEASE, for appellants.

COBURN & BENTLEY, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 230*—*when landlord not liable for injury to child of tenant.* In an action by an infant child of a tenant against a landlord to recover for injuries by the falling of a railing, evidence examined and *held* to show that injury was caused by negligence of plaintiff.

2. DAMAGES, § 122*—*when verdict excessive.* A verdict of $1,250 for scratches or abrasions on plaintiff's leg, from which she quickly recovered, is so excessive as to indicate that the jury were moved by prejudice and sympathy, and the judgment will not be allowed to stand even though plaintiff remitted all in excess of $650.

## Emil Otterbeck et al., Appellees, v. Evans Larson, Appellant.

### Gen. No. 21,368.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded with directions. Opinion filed January 3, 1916.

## Statement of the Case.

Suit by Emil Otterbeck and others, beneficiaries under the will of Lauritz Mortensen, against Evans Larson, trustee under the will, for an accounting.

On August 24, 1908, Lauritz Mortensen died. The evidence showed that by the will it was provided that after the payment of debts and funeral expenses

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.